UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CAUSE NO. 1:16-cr-00021-TWP-DML |
| ) | |
| WILLIAM TOWNLEY, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The government objects to the defendant's motion for early termination of supervised release. In 1986, Defendant William Townley was convicted of sexual assault on a child under the age of thirteen and admitted to performing oral sex on an eight-year-old. In 2011, the defendant was convicted for failing to register as a sex offender in New Hampshire state court, and received a twelve-month suspended sentence. *See* United States v. William Townley, Case No. 15-cr-90-01-SM, Dkt. 15 (D.N.H. Dec. 8, 2015). In 2015, he was convicted a second time for failing to register as a sex offender in the District of New Hampshire and elsewhere. *Id*. at Dkt. 17. For the most recent offense, the defendant was sentenced to five years' time served, and five year's supervised release. He started his term of supervised release on December 22, 2015, and he is now requesting termination after completing less than two of the five years of his term. The defendant has not identified any compelling reason to grant his request.

In determining whether early termination is warranted, the Court is to consider the factors outlined in 18 U.S.C. § 3553(a) to determine if such action would be warranted by the conduct of the defendant and the interest of justice. In this case, the defendant has not presented much

information relating to his conduct, except to say that he wants to move on with his life and that he is not likely to reoffend. The Probation Office reports that the defendant has not violated any of the terms of his supervised release. The government asserts, however, that while the defendant has complied with the conditions of his supervised release, there is nothing in the record to indicate that he has done anything above and beyond that which is required of all who are on supervised release. Termination is proper only in cases with a new or unforeseen circumstance, which may include exceptionally good behavior, such as where the defendant's conditions unreasonably impede his rehabilitation or where defendant's behavior has been exceptionally good. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Generally, courts do not consider mere compliance with the terms of supervised release grounds for early termination. Full compliance with the conditions of supervised release is what is expected of all people serving terms of supervised release. *See United States v. Kay*, 283 Fed. Appx. 944, 946 (3d Cir. 2008) (collecting cases); *United States v. Laine*, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010) (early termination denied even where defendant planned to open monastery for victims of domestic violence and to travel abroad to raise money and awareness); *United States v. Thomas*, 2012 WL 3870523 (N.D. Ind. 2012) (*United States v. Hicks*, 2009 WL 1515203 (S.D. Ill. 2009) (early termination denied where defendant's employment might require travel outside the district).

The important inquiry here is whether the interest of justice weighs in favor of early termination. The defendant has served less than half of his supervised release. The Seventh Circuit has noted that supervised release is "a period of conditional liberty" during which a defendant must adhere to the imposed conditions. *United States v. Temple*, 464 Fed. Appx. 541, 543 (7th Cir. 2011). The government contends that in the interest of justice, early termination

would not provide adequate deterrence, given that the defendant has more than once failed to register as a sex offender, nor afford the government authority to monitor and enforce the conditions of supervised release imposed as part of his original sentence.  Finally, although the defendant makes much of a Probation Monograph's presumption in favor of early termination of supervised release under certain conditions, this consideration is not applicable to his case.  As he notes in paragraph 17 of his motion, the presumption does not apply to sex offenders.  *See* Dkt 9 at ¶17.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney


By:   *s/ Cindy J. Cho*
       Cindy J. Cho
       Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy was also mailed, by first class U.S. Mail, postage prepaid and properly addressed, to the following:

    William Townley
P.O. Box 134
Atlanta, IN  46031

                 By:    *s/ Cindy J. Cho*
                         Cindy J. Cho
                         Assistant United States Attorney
                         Office of the United States Attorney
                         10 W. Market Street, Suite 2100
                         Indianapolis, IN 46204-3048
                         Telephone: (317) 226-6333
                         Fax:  (317) 226-6125
                         Email:  Cindy.Cho@usdoj.gov